IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| KUATEZ LEWIS, #291 535, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:16-CV-653-MHT |
| | ) | [WO] |
| MONTGOMERY POLICE | ) | |
| DEPARTMENT, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate incarcerated at the Draper Correctional Facility in Elmore, Alabama, filed this 42 U.S.C. § 1983 action on August 10, 2016. This matter is before the court on the amended complaint filed by Plaintiff on September 20, 2016. In the amended complaint, Plaintiff alleges that rights, privileges, or immunities afforded him under the Constitution or laws of the United States were abridged when he was stopped and questioned on February 8, 2013, about various criminal offenses. Named as the defendant is the Montgomery Police Department. Plaintiff requests damages for the alleged violations of his constitutional rights. Doc. 8.

The court has carefully reviewed the amended complaint. From that review, the court concludes that dismissal of the amended complaint prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[1]

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

1

## I. DISCUSSION

In his amended complaint, Plaintiff states that on or about February 8, 2013, he "was stop[p]ed by MPD [Montgomery Police Department] and questioned" about criminal offenses including theft, robbery, attempted robbery, and attempted rape. During questioning, Plaintiff complains the issue of his sexual identity came up because he heard an arresting officer(s) remark they were "taking another gay person off the streets." Plaintiff also claims he was improperly arrested for theft because he was charged with theft of his own property. Plaintiff maintains Defendant's conduct violated his civil rights and amounted to an invalid investigation.[2] Doc. 8 at 1-3.

### A. Statute of Limitations

Plaintiff's attempt to assert a challenge to the legality of matters associated with being questioned and/or arrested for various criminal offenses on or about February 8, 2013, is filed outside the statute of limitations applicable to a federal civil action filed by an inmate under 42 U.S.C. § 1983.

> All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought. *Wilson v. Garcia*, 471 U.S. 261, 275-76, 105 S.Ct. 1938, 1946-47, 85 L.Ed.2d 254 (1985). [Plaintiff's] claim was brought in Alabama where the governing limitations period is two years. Ala. Code § 6-2-38; *Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483 (11th Cir. 1989) (*en banc*). Therefore, in order to have his claim heard, [Plaintiff is] required to bring it within two years from the date the limitations period began to run.

*McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008).

The matters about which Plaintiff complains occurred on or about February 8, 2013. By its express terms, the tolling provision of *Ala. Code* § 6-2-8(a) provides no basis for relief to

---

[2] Plaintiff disclaims any attempt to challenge a conviction(s) through the filing of his amended complaint. Doc. 8 at 1.

Plaintiff from application of the time bar.³  Thus, the statute of limitations began to run on the claims arising from the challenged conduct on or about February 8, 2013.  The limitation period ran uninterrupted until it expired on February 8, 2015. Plaintiff filed the instant action August 9, 2016.⁴  This filing occurred more than one year after expiration of the limitation period.

Unquestionably, the statute of limitations is usually a matter which may be raised as an affirmative defense.  The court notes, however, that in an action proceeding under section 1983, it may consider, *sua sponte*, affirmative defenses apparent from the face of the complaint.  *Clark v. Georgia Pardons and Parole Board*, 915 F.2d 636, 640 n.2 (11th Cir. 1990); *see also Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990).  "[I]f the district court sees that an affirmative defense would defeat the action, a section 1915[A] dismissal is allowed."  *Clark*, 915 F.2d at 640.  "The expiration of the statute of limitations is an affirmative defense the existence of which warrants dismissal as frivolous.  *See Franklin [v. State of Oregon]*, 563 F. Supp. [1310,] 1330, 1332 [(D.C. Oregon 1983)]."  *Id*. at n.2.

In analyzing § 1983 cases, "the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer."  *Ali*, 892 F.2d at 440.  "It necessarily follows that in the absence of the defendant or defendants, the district court must evaluate the merit of the claim *sua sponte*."  *Id*.

---

³ This section allows tolling of the limitations period for an individual who "is, at the time the right accrues ... insane...." *Ala. Code* § 6-2-8(a).  The complaint does not demonstrate that Plaintiff was legally insane at the time of the challenged events so as to warrant tolling under *Ala. Code* § 6-2-8(a).

⁴ Although the Clerk stamped the original complaint "filed" on August 10, 2016, the envelope in which Plaintiff's complaint was mailed is postmarked August 9, 2016 (Plaintiff affixed his signature to the complaint but did not date it). The law is well settled that a *pro se* inmate's complaint is deemed filed the date it is delivered to prison officials for mailing.  *Houston v. Lack*, 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993).  In light of the foregoing and for purposes of the proceedings herein, the court considers August 9, 2016, as the date of filing.

> An early determination of the merits of an IFP proceeding provides a significant benefit to courts (because it will allow them to use their scarce resources effectively and efficiently), to state officials (because it will free them from the burdens of frivolous and harassing litigation), and to prisoners (because courts will have the time, energy and inclination to give meritorious claims the attention they need and deserve). "We must take advantage of every tool in our judicial workshop." Spears [v. McCotter], 766 F.2d [179, 182 (5th Cir. 1985)].

*Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

Based on the facts apparent from the face of the present complaint, Plaintiff has no legal basis on which to proceed regarding the matters concerning his February 8, 2013, arrest as he filed this cause of action more than one year after the challenged actions occurred. As previously noted, the statutory tolling provision is unavailing. Consequently, the two-year period of limitations applicable to Plaintiff's claims expired over a year prior to him filing the instant complaint, and these claims are, therefore, subject to dismissal as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). *See Clark*, 915 F.2d 636.

**B. The Montgomery Police Department**

Plaintiff names the Montgomery Police Department as the defendant. Even if Plaintiff's amended complaint was not subject to dismissal on statute of limitation grounds, his amended complaint against the Montgomery Police Department is subject to dismissal.

To allege a viable § 1983 claim, a plaintiff must name as a defendant an entity subject to being sued. *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). The capacity of a party to be sued is "determined by the law of the state in which the district court is held." *Id*. Both federal and state law are settled that a county sheriff's department is not a legal entity subject to suit or liability. Id*.; White v. Birchfield*, 582 So.2d 1085, 1087 (Ala. 1991). Moreover, the Alabama Supreme Court has made it equally clear that other "departments and subordinate entities of municipalities, counties and towns" such as police departments and drug task forces "lack[ ] the capacity to sue

4

or be sued." *Ex parte Dixon*, 55 So.3d 1171, 1172 n.1 (Ala. 2010). Based on the foregoing, the court concludes that the Montgomery Police Department is not a legal entity subject to suit.

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  Plaintiff's claims challenging events which occurred on or about February 8, 2013, be DISMISSED with prejudice under the directives of 28 U.S.C. § 1915(e)(2)(B)(i) as Plaintiff failed to file the complaint regarding these allegations within the time prescribed by the applicable period of limitation;

2.  Plaintiff's complaint against the Montgomery Police Department be dismissed under 28 U.S.C. § 1915(e)(2)(B)(i); and

3.  This case be DISMISSED prior to service of process under 28 U.S.C. § 1915(e)(2)(B)(i).

It is further

ORDERED that **on or before November 4, 2016**, Plaintiff may file an objection to the Recommendation. Any objection filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust*

*Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, this 20th day of October 2016.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE